UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSE MIGUEL GUTIERREZ, | ) | |
| Petitioner, | ) | 2:10-cv-00109-JCM-RJJ |
| vs. | ) | |
| | ) | **ORDER** |
| BRIAN E. WILLIAMS, *et al.,* | ) | |
| Respondents. | ) | |

Presently before the court is respondents' motion to dismiss amended petition for writ of habeas corpus. (Doc. #12). Petitioner Jose Miguel Gutierrez filed an opposition. (Doc. #16). Respondents filed a reply. (Doc. #17). Petitioner filed an answer to the reply. (Doc. 18).

Also before the court is respondents' motion to strike petitioner's answer. (Doc. #19). Petitioner failed to file a reply.

**Motion to Dismiss**

In the present motion to dismiss (doc. #12), respondents assert that the petition should be dismissed because it is a "mixed petition" that includes both exhausted and unexhausted claims. The case of *Rose v. Lundy,* 455 U.S. 509. 510 (1982) held that a federal court should not entertain a petition for writ of habeas corpus *unless* the petitioner had exhausted available and adequate state

1 court remedies with respect to each of the claims contained. Further, the court held that petitions that
2 contained both exhausted and unexhausted claims, i.e. "mixed" petitions, should be dismissed. *Id.* at
3 520-521.  In instances of "mixed" petitions, the court may permit the petitioner to either return to
4 state court to exhaust his claims, or to amend and submit the petition so as to present only exhausted
5 claims. *Id.*

6      Here, respondents assert that petitioner's second, third, and fourth claims have not been
7 exhausted, which warrants dismissal of the petition. Specifically, in the second claim of his federal
8 petition, petitioner states a claim under the Sixth Amendment for ineffective assistance of counsel,
9 and asserts that his plea was involuntary because he was not advised of the proper penalty either at
10 his arraignment or prior to the plea. In his state petition, however, his claim for involuntary plea was
11 not brought under the Sixth Amendment, and is therefore unexhausted.

12      With regards to his third claim which is brought under the due process clause of the
13 Fourteenth Amendment, petitioner asserts that his plea must be set aside because there was no
14 written plea agreement at the time of the arraignment. In his previous state petition, petitioner argued
15 that Nevada law required the written plea agreement. As a claim under the Fourteenth Amendment
16 was never brought before the Nevada Supreme Court, this claim is therefore unexhausted as well.

17      Lastly, petitioner's fourth claim in his federal petition asserts that the state courts erred by
18 dismissing his claim of ineffective assistance of counsel without conducting an evidentiary hearing.
19 This claim is also brought under the Fourteenth Amendment's due process clause. However, like the
20 two claims above, the Nevada Supreme Court was never presented with this claim under the
21 Fourteenth Amendment, and it is therefore unexhausted.

22      As the petition is a "mixed petition," this court is inclined to dismiss the petition without
23 prejudice and to allow the petitioner to return to state court to exhaust his unexhausted claims. *Rose*
24 *v. Lundy,* at 520-521.

25 **Motion to Stay**

26      In the petitioner's opposition to the motion to dismiss (doc. #16), he concedes that his

petition is mixed and asks this court to grant a stay in order for him to exhaust all his claims in state court. A court may stay proceedings of a mixed petition only under limited circumstances. *Rhines v. Weber,* 544 U.S. 269 (2005). Further, there are instances where "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Rhines v. Weber,* 544 U.S. 269, 277 (2005). Thus, this court is inclined to stay the proceedings until the petitioner has properly exhausted all of his claims in state court.

**Motion to Strike**

In the respondents' motion to strike (doc. #19), they assert that the court should strike petitioner's answer to reply (doc. #18) because no leave of court has been granted to allow petitioner to submit the sur-reply. The court recognizes that the petitioner did not seek leave to file the sur-reply, but as the court did not consider the sur-reply in making its ruling, the motion to strike is moot.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that respondents' motion to dismiss amended petition for writ of habeas corpus (doc. #12) be, and the same hereby is, GRANTED.

IT IS THEREFORE ORDERED that petitioner's amended petition for writ of habeas corpus be, and the same hereby is, DISMISSED without prejudice.

IT IS FURTHER ORDERED that the above captioned case be STAYED to allow petitioner to properly exhaust his claims in state court.

DATED February 4, 2011.

UNITED STATES DISTRICT JUDGE