1
2
3
4
5
6        **UNITED STATES DISTRICT COURT**
7        **DISTRICT OF NEVADA**
8
9    JOSE MIGUEL GUTIERREZ,
          *Petitioner*,                                    2:10-cv-00109-JCM-NJK
10
     vs.                                                   ORDER
11
12   BRIAN E. WILLIAMS, *et al.*,
13        *Respondents.*
14
15        The court *sua sponte* reconsiders its prior denial of petitioner's motion for appointment
16   of counsel in this habeas matter.
17                                **Background**
18        Petitioner Jose Miguel Gutierrez challenges his 2007 Nevada state conviction,
19   pursuant to a guilty plea, of two counts of trafficking in a controlled substance.
20        A written plea agreement was not executed at the time of the November 17, 2006, plea
21   colloquy.  At that colloquy, petitioner correctly was informed that he faced a possible sentence
22   of ten to life on the count I high-level trafficking charge and that the sentence was
23   nonprobationable.  However, it is undisputed that he was misinformed that the possible two
24   to fifteen year sentence on the count II mid-level trafficking charge was probationable.
25   Petitioner acknowledged that no one had promised him probation on either charge, but he
26   nonetheless was misinformed that the sentence on count II was probationable.  Respondents
27   acknowledge that defense counsel incorrectly stated during the colloquy that the sentence
28   on count II was probationable. #13, Ex. 23, at 8; #33, at 12.

1    A written memorandum of the plea negotiations was not executed until the February

2    13, 2007, sentencing, three months later.  In that February 13, 2007, document, signed three

3    months after the entry of the plea, petitioner initialed an acknowledgment reflecting that  a

4    charge of trafficking in a schedule I controlled substance was not probationable. #13, Ex. 25.

5    State probation and parole recommended ten to twenty-five years on count I and six

6    to fifteen years on count II, with the sentences to run consecutively.  Defense counsel argued

7    instead for two to fifteen years on count II, with the sentences to run concurrently.  The state

8    district court followed the probation and parole recommendation in imposing sentence.  #13,

9    Ex. 26, at 1-7 & 11.

10    On state post-conviction review, petitioner alleged, *inter alia*, that his petition had not

11    been knowing, voluntary and intelligent because he was misinformed during the plea colloquy

12    that he would be eligible for probation on count II.

13    When the state district court later held an evidentiary hearing on the petition, the court

14    limited the evidentiary hearing to a failure-to-appeal claim.  #14, Ex. 43, at 11.

15    Thereafter, the state district court assigned the following written reasons for rejecting

16    petitioner's claim that his plea had not been knowing, voluntary and intelligent due to being

17    misinformed that the sentence on count II was probationable:

18          The defendant was arraigned on November 17, 2006.
      Following the arraignment, the memorandum of plea agreement
19    was filed on February 13, 2007.  The penalties outlined appear
      consistent and the defendant was sentenced on February 20,
20    2009. . . . .

21    #14, Ex. 61, at 1-2.  See also *id.*, at 2 (separate finding that plea was voluntary and knowing).

22    The state supreme court rejected the claim presented to that court on the following

23    grounds:

24          . . . Gutierrez contends that he entered his guilty plea
      involuntarily because there was confusion over the possible
25    sentence for one of the counts, and there was no written plea
      memorandum at the time he entered his guilty plea. The district
26    court found that the penalties in the written plea memorandum
      were consistent with the penalties discussed during the
27    arraignment, Gutierrez was not prejudiced by the failure to file the
      written plea agreement prior to his arraignment, and Gutierrez
28    entered his plea knowingly and voluntarily. We conclude that

1
2

> Gutierrez has not overcome the presumption that the district court
> correctly assessed the validity of his plea. <u>See</u> <u>Bryant v. State</u>,
> 102 Nev. 268, 272, 721 P.2d 364, 368 (1986).

3   #14, Ex. 62, at 2.

4   In federal ground 2, petitioner alleges that he was denied due process and equal

5   protection in violation of the Fourteenth Amendment because his plea was not knowingly,

6   voluntarily and intelligently entered.  He alleges that the plea was not knowing, voluntary and

7   intelligent because, *inter alia*, he was misinformed that he would be eligible for probation on

8   count II.

9   ***Discussion***

10   The state supreme court's rejection of the foregoing claim quite arguably was based

11   upon an unreasonable determination of fact under 28 U.S.C. § 2254(d)(2).   The penalties in

12   the February 13, 2007, memorandum, filed well after the fact, were not consistent with the

13   discussion of the penalties during the November 17, 2006, plea colloquy.   The later

14   memorandum states that a trafficking offense was not probationable, without any reference

15   to counts.  In contrast, when petitioner actually was entering the plea three months earlier,

16   he clearly was informed that the sentence on count II was probationable.  The memorandum

17   is not consistent with the discussion of the penalties during the colloquy three months before.

18   It thus is arguable that the state supreme court's rejection of the claim was "based upon an

19   unreasonable determination of the facts in light of the evidence presented in the State court

20   proceeding" under § 2254(d)(2).

21   If the state supreme court decision is based upon an unreasonable determination of

22   fact, then deferential AEDPA review potentially may not apply; and the claim instead

23   potentially may be reviewed *de novo* on federal habeas review.  A panel made a holding to

24   this effect in *Detrich v. Ryan*, 677 F.3d 958, 982 (9th Cir. 2012).  The court of appeals since

25   has granted *en banc* review, however, with the order providing that the panel opinion was

26   without precedential effect in the interim.  *Detrich v. Ryan*, 696 F.3d 1265 (9th Cir. 2012).

27   On any such *de novo* review, this court's review would not necessarily be limited to the

28   state court record.  The court notes in this regard that the state court evidentiary hearing did

1   not extend to this particular claim.  Moreover, it would appear that any state district court

2   factual finding that the plea was knowing and voluntary was not based upon the state court

3   evidentiary hearing, which was not directed to that issue.

4        The court accordingly *sua sponte* revisits its prior denial of appointed counsel in this

5   case.  The court finds, following upon its review of the merits herein, that appointment of

6   counsel is in the interests of justice given:  (a) the unsettled state of the law with regard to the

7   standard of review on ground 2, with a potentially key decision pending on *en banc* review;

8   and (b) the prospect that further factual development and possibly a federal evidentiary

9   hearing may be warranted if the claim is reviewed *de novo*.

10       The parties may wish to give consideration to a possible negotiated resolution of this

11  case, given that a potentially substantial issue is presented, a favorable ruling nonetheless

12  would not eliminate petitioner's exposure, and petitioner possibly may be subject to removal

13  after his release.  The court's discussion herein does not reflect a definitive resolution of any

14  issue, other than a finding that appointment of counsel would be in the interests of justice.

15       IT THEREFORE IS ORDERED that the prior orders (## 8 & 36) denying appointment

16  of counsel are VACATED and that petitioner's motions (# 7 & 30) for appointment of counsel

17  are GRANTED as per the remaining provisions below.  The counsel appointed will represent

18  petitioner in all proceedings related to this matter, including any appeals or *certiorari*

19  proceedings, unless allowed to withdraw.

20       IT IS FURTHER ORDERED that the federal public defender shall be provisionally

21  appointed as counsel and shall have thirty (30) days to undertake direct representation of

22  petitioner or to indicate an inability to do so.  If the federal public defender is unable to

23  represent petitioner, the court then shall appoint alternate counsel.  A deadline for the filing

24  of a counseled amended petition will be set after counsel has entered an appearance.  The

25  court anticipates setting the deadline for approximately one hundred twenty (120) days from

26  entry of the formal order of appointment.  Any deadline established and/or any extension

27  thereof will not signify any implied finding of a basis for tolling during the time period

28  established, if otherwise *arguendo* available.

1    The clerk of court accordingly shall SEND a copy of this order, over and above

2  electronic service on current counsel, to the *pro se* petitioner (in hard copy), the federal public

3  defender, and the CJA coordinator for this division.  The clerk further shall regenerate notices

4  of electronic filing of all prior filings herein to the federal public defender, so that counsel will

5  be able to efficiently review the prior proceedings herein.

6    DATED:  May 29, 2013.

7

8

9    JAMES C. MAHAN
     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28