# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSE MIGUEL GUTIERREZ,

    *Petitioner*,

vs.

BRIAN E. WILLIAMS, *et al.*,

    *Respondents.*

2:10-cv-00109-JCM-NJK

ORDER

The court *sua sponte* reconsiders its prior denial of petitioner's motion for appointment of counsel in this habeas matter.

### *Background*

Petitioner Jose Miguel Gutierrez challenges his 2007 Nevada state conviction, pursuant to a guilty plea, of two counts of trafficking in a controlled substance.

A written plea agreement was not executed at the time of the November 17, 2006, plea colloquy. At that colloquy, petitioner correctly was informed that he faced a possible sentence of ten to life on the count I high-level trafficking charge and that the sentence was nonprobationable. However, it is undisputed that he was misinformed that the possible two to fifteen year sentence on the count II mid-level trafficking charge was probationable. Petitioner acknowledged that no one had promised him probation on either charge, but he nonetheless was misinformed that the sentence on count II was probationable. Respondents acknowledge that defense counsel incorrectly stated during the colloquy that the sentence on count II was probationable. #13, Ex. 23, at 8; #33, at 12.

A written memorandum of the plea negotiations was not executed until the February 13, 2007, sentencing, three months later. In that February 13, 2007, document, signed three months after the entry of the plea, petitioner initialed an acknowledgment reflecting that a charge of trafficking in a schedule I controlled substance was not probationable. #13, Ex. 25.

State probation and parole recommended ten to twenty-five years on count I and six to fifteen years on count II, with the sentences to run consecutively. Defense counsel argued instead for two to fifteen years on count II, with the sentences to run concurrently. The state district court followed the probation and parole recommendation in imposing sentence. #13, Ex. 26, at 1-7 & 11.

On state post-conviction review, petitioner alleged, *inter alia*, that his petition had not been knowing, voluntary and intelligent because he was misinformed during the plea colloquy that he would be eligible for probation on count II.

When the state district court later held an evidentiary hearing on the petition, the court limited the evidentiary hearing to a failure-to-appeal claim. #14, Ex. 43, at 11.

Thereafter, the state district court assigned the following written reasons for rejecting petitioner's claim that his plea had not been knowing, voluntary and intelligent due to being misinformed that the sentence on count II was probationable:

> The defendant was arraigned on November 17, 2006. Following the arraignment, the memorandum of plea agreement was filed on February 13, 2007. The penalties outlined appear consistent and the defendant was sentenced on February 20, 2009. . . . .

#14, Ex. 61, at 1-2. See also *id.*, at 2 (separate finding that plea was voluntary and knowing).

The state supreme court rejected the claim presented to that court on the following grounds:

> . . . Gutierrez contends that he entered his guilty plea involuntarily because there was confusion over the possible sentence for one of the counts, and there was no written plea memorandum at the time he entered his guilty plea. The district court found that the penalties in the written plea memorandum were consistent with the penalties discussed during the arraignment, Gutierrez was not prejudiced by the failure to file the written plea agreement prior to his arraignment, and Gutierrez entered his plea knowingly and voluntarily. We conclude that

> Gutierrez has not overcome the presumption that the district court correctly assessed the validity of his plea. See <u>Bryant v. State</u>, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986).

#14, Ex. 62, at 2.

In federal ground 2, petitioner alleges that he was denied due process and equal protection in violation of the Fourteenth Amendment because his plea was not knowingly, voluntarily and intelligently entered. He alleges that the plea was not knowing, voluntary and intelligent because, *inter alia*, he was misinformed that he would be eligible for probation on count II.

### *Discussion*

The state supreme court's rejection of the foregoing claim quite arguably was based upon an unreasonable determination of fact under 28 U.S.C. § 2254(d)(2). The penalties in the February 13, 2007, memorandum, filed well after the fact, were not consistent with the discussion of the penalties during the November 17, 2006, plea colloquy. The later memorandum states that a trafficking offense was not probationable, without any reference to counts. In contrast, when petitioner actually was entering the plea three months earlier, he clearly was informed that the sentence on count II was probationable. The memorandum is not consistent with the discussion of the penalties during the colloquy three months before. It thus is arguable that the state supreme court's rejection of the claim was "based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2).

If the state supreme court decision is based upon an unreasonable determination of fact, then deferential AEDPA review potentially may not apply; and the claim instead potentially may be reviewed *de novo* on federal habeas review. A panel made a holding to this effect in *Detrich v. Ryan*, 677 F.3d 958, 982 (9th Cir. 2012). The court of appeals since has granted *en banc* review, however, with the order providing that the panel opinion was without precedential effect in the interim. *Detrich v. Ryan*, 696 F.3d 1265 (9th Cir. 2012).

On any such *de novo* review, this court's review would not necessarily be limited to the state court record. The court notes in this regard that the state court evidentiary hearing did

not extend to this particular claim. Moreover, it would appear that any state district court factual finding that the plea was knowing and voluntary was not based upon the state court evidentiary hearing, which was not directed to that issue.

The court accordingly *sua sponte* revisits its prior denial of appointed counsel in this case. The court finds, following upon its review of the merits herein, that appointment of counsel is in the interests of justice given: (a) the unsettled state of the law with regard to the standard of review on ground 2, with a potentially key decision pending on *en banc* review; and (b) the prospect that further factual development and possibly a federal evidentiary hearing may be warranted if the claim is reviewed *de novo*.

The parties may wish to give consideration to a possible negotiated resolution of this case, given that a potentially substantial issue is presented, a favorable ruling nonetheless would not eliminate petitioner's exposure, and petitioner possibly may be subject to removal after his release. The court's discussion herein does not reflect a definitive resolution of any issue, other than a finding that appointment of counsel would be in the interests of justice.

IT THEREFORE IS ORDERED that the prior orders (## 8 & 36) denying appointment of counsel are VACATED and that petitioner's motions (# 7 & 30) for appointment of counsel are GRANTED as per the remaining provisions below. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT IS FURTHER ORDERED that the federal public defender shall be provisionally appointed as counsel and shall have thirty (30) days to undertake direct representation of petitioner or to indicate an inability to do so. If the federal public defender is unable to represent petitioner, the court then shall appoint alternate counsel. A deadline for the filing of a counseled amended petition will be set after counsel has entered an appearance. The court anticipates setting the deadline for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established, if otherwise *arguendo* available.

1   The clerk of court accordingly shall SEND a copy of this order, over and above
2   electronic service on current counsel, to the *pro se* petitioner (in hard copy), the federal public
3   defender, and the CJA coordinator for this division.  The clerk further shall regenerate notices
4   of electronic filing of all prior filings herein to the federal public defender, so that counsel will
5   be able to efficiently review the prior proceedings herein.

DATED: May 29, 2013.

_____
JAMES C. MAHAN
United States District Judge