# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSE MIGUEL GUTIERREZ,

    *Petitioner*,

vs.

BRIAN E. WILLIAMS, et al.,

    *Respondents*.

2:10-cv-00109-JCM-NJK

ORDER

    This is petitioner's third amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed through counsel (ECF #44). Before the court is respondents' motion to dismiss (ECF #47). Petitioner opposed the motion (ECF #48), and respondents replied (ECF #49).

**I. Procedural History and Background**

    On September 8, 2006, the State of Nevada filed an amended information charging petitioner with two counts of trafficking in a controlled substance, with count I a category A felony and count II a category B felony. Exh. 20.[1] On October 4, 2006, the State filed a second amended information charging petitioner with four counts of trafficking in a controlled substance and three counts of unlawful possession for sale. Exh. 22.

    Through a sworn interpreter, petitioner was arraigned on November 17, 2006. Exh. 23. Pursuant to plea negotiations, the court struck the second amended information and arraigned petitioner

---

[1] Exhibits 1-63 were filed with respondents' first motion to dismiss and may be found at ECF #s 13-14. Exhibits 64-74 were filed with respondents' answer to the second amended petition and may be found at ECF #34.

on the two counts alleged in the prior amended information. *Id*. at 2-8. Petitioner had not yet signed a guilty plea agreement, but he entered a plea of guilty to both counts. Exhs. 23, 25. During the plea colloquy, defense counsel incorrectly stated that petitioner could receive probation on count II. Exh. 23 at 8. When questioned by the state district court, petitioner stated that no one had promised him that he would receive probation on count II. *Id*. at 8-9. The state district court correctly informed petitioner of the maximum penalty he faced on both counts: twenty-five years for count I and fifteen years for count II. *Id*

On February 13, 2007, petitioner executed a guilty plea memorandum. Exh. 25. The state district court conducted the sentencing hearing the same day. Exh. 26. During the sentencing hearing, defense counsel argued for concurrent sentences; however, he informed the state district court that he had explained to petitioner that sentencing was at the discretion of the court. Exh. 26 at 5. The state district court sentenced petitioner as follows: count I - ten to twenty-five years; count II - six to fifteen years, to be run consecutively. Exh. 26 at 2, 11. The judgment of conviction was entered on February 20, 2007. Exh. 27.

Petitioner did not file a direct appeal. On January 11, 2008, petitioner filed a state postconviction petition for writ of habeas corpus. Exh. 33. The state district court held a hearing on March 11, 2008 and dismissed the first two grounds of the petition. Exh. 41. On May 6, 2008, the state district court held an evidentiary hearing on the remaining grounds; at the conclusion of the hearing, the court dismissed the petition. Exh. 43. The state district court issued its written order dismissing the petition on July 28, 2008. Exh. 46. Petitioner appealed, and on October 29, 2009, the Nevada Supreme Court issued an order of limited remand directing the state district court to make specific findings of fact and conclusions of law. Exh. 60. The state district court complied on November 2, 2009. Exh. 61. On December 23, 2009, the Nevada Supreme Court affirmed the dismissal of the petition, and remittitur issued on January 19, 2010. Exhs. 62, 63.

About January 19, 2010, petitioner dispatched his federal habeas petition (ECF #4). Ultimately, on February 25, 2011, this court granted respondents' motion to dismiss in part, finding that grounds 2, 3, and 4 of that original petition were unexhausted and staying the case to permit petitioner to exhaust those claims in state court (ECF #22).

Petitioner filed a second state postconviction petition on April 19, 2011. Exhs. 64, 65. The state district court dismissed the petition on April 27, 2011, finding that the grounds were procedurally defaulted pursuant to NRS 34.810(2) because those claims had previously been presented in his first state postconviction petition. Exh. 66. In affirming the dismissal on October 5, 2011, the Nevada Supreme Court concluded that the petition was untimely and successive, procedurally barred absent a demonstration of good cause and actual prejudice, and further determined that petitioner failed to make a showing of good cause and that his "claims were in fact considered and rejected on the merits in the first post-conviction proceeding." Exh. 73 at 2. Remittitur issued on October 31, 2011. Exh. 74.

Petitioner filed a first amended petition in this case, which this court construed as a motion to re-open the case and granted. Exhs. 23, 25. After petitioner filed a second amended petition, this court appointed counsel, and petitioner filed a counseled third amended petition, which asserts three grounds for relief (ECF #44). Respondents argue that ground 1 is partially unexhausted, ground 2 contains conclusory allegations and is partially unexhausted, and ground 3 is untimely, unexhausted and conclusory.

## II. Legal Standard for Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the

United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

**III. Relevant Grounds in the Instant Petition**

  **Ground 1**

Petitioner alleges that his guilty pleas were not entered knowingly, intelligently, and voluntarily in violation of his Fifth and Fourteenth Amendment due process rights (ECF #44, pp. 9-11). Respondents argue that ground 1(C) is unexhausted. In ground 1(C), petitioner claims that he did not understand that the plea agreement permitted his sentences to run consecutively because his counsel incorrectly advised him that the sentences for the two felonies would run concurrently. *Id*. at 11. The written agreement contained nothing about whether the sentences could or would run consecutively or concurrently, and this issue was not mentioned during the plea colloquy. *Id*.

Respondents contend that ground 1(C) is unexhausted (ECF #47, p. 8). They point out that the claim that petitioner presented to the Nevada Supreme Court is that his counsel told him that the state district court *would* run his sentences concurrently. They argue that petitioner's claim now is that he did not understand that his sentences *could* run consecutively, and that this is a different claim that has not been fairly presented to the Nevada Supreme Court. *Id*. This court agrees with petitioner that in this context there is no meaningful difference, or difference of any consequence, in the phrasing of the present claim. The factual and legal basis for ground 1(C) has been fairly presented to the Nevada Supreme Court. Ground 1(C) is therefore exhausted.

**Ground 2**

Petitioner asserts that his counsel for the plea rendered ineffective assistance in violation of his Sixth and Fourteenth Amendment rights (#44, pp. 11-13).

**Ground 2(B)**

In ground 2(B), petitioner argues that counsel rendered ineffective assistance when he failed to undertake a reasonable investigation that would have uncovered exculpatory information. *Id*. at 12. Petitioner claims that counsel failed to investigate and obtain discovery regarding the Confidential Informant's ("CI") identity, criminal record, or why he cooperated with police. Petitioner claims that had his counsel uncovered such information, he would not have entered into the plea agreement. *Id*.

Respondents argue that ground 2(B) should be dismissed as conclusory (ECF #47, p. 9). They contend that petitioner has failed to specifically state what further investigation of the CI would have uncovered (ECF #47, p. 9). Further, without such specifics, petitioner also failed to plead facts showing that counsel's decision not to investigate was unreasonable and that but for the failure to investigate it was reasonably probable that petitioner would have rejected the plea offer and proceeded to trial. *Id.*

Petitioner asserts that this claim contains reasonably specific allegations about counsel's failure to investigate and that the proper filing for respondents to address these "good faith allegations" is in an answer to the petition (ECF #48, p. 4).

Respondents are correct that mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Nevertheless,

1 here, respondents' argument that ground 2(B) is conclusory is better addressed to an adjudication on
2 the merits, after respondents have filed an answer and petitioner has had an opportunity to respond.
3 Accordingly, the court defers consideration of ground 3, and therefore, it is not subject to dismissal
4 at this time. This ruling is without prejudice to respondents reasserting arguments raised here at the
5 appropriate time.

**Ground 2(C)**

Petitioner claims that his counsel rendered ineffective assistance when he failed to consult with petitioner about an appeal and failed to file an appeal (ECF #44, p. 13). Petitioner also argues, apparently in the alternative, that he specifically instructed his attorney to file an appeal on the day that he was sentenced. *Id*.

Respondents agree that petitioner presented the claim to the Nevada Supreme Court that counsel was ineffective because he failed to file a direct appeal after petitioner specifically instructed him to do so (ECF #47, p. 10). However, they argue that petitioner has not presented the claim that counsel was ineffective because he failed to consult with petitioner about whether petitioner wished to file an appeal. *Id*. Petitioner opposes on the basis that the distinction is an unreasonable parsing of the petition (#48, p. 5). This court, however, disagrees. Having carefully reviewed the record, this court concludes that the claim in ground 2(C) that counsel was ineffective for failing to file a direct appeal after petitioner specifically instructed him to do so is exhausted. This court further determines that petitioner's claim that counsel was ineffective for failing to consult with him about whether he wished to file a direct appeal, is a different claim with a different factual basis. That distinct claim has not been fairly presented to the Nevada Supreme Court and is unexhausted.

**Ground 3**

Petitioner contends that the state failed to provide exculpatory information in violation of his Fifth, Sixth, and Fourteenth Amendment rights to due process and a fair trial (ECF #44, p. 13-14). He alleges that the CI received or expected to receive benefits from the state in exchange for his cooperation, and the state failed to disclose such favorable, material evidence to petitioner prior to his plea and sentencing. *Id*. at 12, 14.

-6-

Respondents argue that ground 3 is untimely, unexhausted, and conclusory (ECF #47, pp. 10-14). First, this court finds that, pursuant to Federal Rule of Civil Procedure 15(c)(1)(B), ground 3 relates back to the original, timely petition (*see* original petition, ECF #4, pp. 25-26). *Mayle*, 545 U.S. at 664 ("[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order"). Thus, ground 3 is timely. However, as petitioner acknowledges, the claim presented in state court was that counsel was ineffective for failing to investigate the CI. Petitioner did not present the claim that he now advances: that the state failed to disclose favorable, material evidence regarding the CI to petitioner in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *See* Exhs. 55, 72. Accordingly, respondents are correct that ground 3 is unexhausted.[2]

**IV.  Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court finds that the following specific portion of ground 2(C) is unexhausted: petitioner's claim that counsel was ineffective for failing to consult with him about whether he wished to file a direct appeal. The court further finds that ground 3 is unexhausted. Finally, the court finds that ground 1(C) and the remaining portion of ground 2(C) are exhausted, and respondents do not move to dismiss any other grounds for failure to exhaust. Accordingly, this is a "mixed petition," containing both exhausted and unexhausted claims, and petitioner, through counsel, has these options:

    1.    He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

    2.    He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

---

[2] As with ground 2(B), respondents may raise any arguments they deem necessary regarding whether ground 3 is conclusory as appropriate at a later stage in these proceedings.

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276 (2005).

The *Rhines* court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf*. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Rhines, 544 U.S. at 277.

Accordingly, if petitioner files a motion for stay and abeyance, he would be required to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondent would then be granted an opportunity to respond, and petitioner to reply.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to consider the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF #47) is **GRANTED** in part and **DENIED** in part as follows:

1. The following specific portion of ground 2(C): petitioner's claim that counsel was ineffective for failing to consult with him about whether he wished to file a direct appeal is **UNEXHAUSTED**.

2. Ground 3 is **UNEXHAUSTED**.

3. Ground 1(C) is **EXHAUSTED**.

4. Petitioner's claim in ground 2(C) that counsel was ineffective because he failed to file a

-8-

direct appeal after petitioner expressly directed him to do so is **EXHAUSTED**.

5. Respondents' motion to dismiss ground 2(B) and ground 3 as conclusory is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated February 4, 2015.

_____
UNITED STATES DISTRICT JUDGE