1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                          DISTRICT OF NEVADA

8                                * * *

9   JOSE MIGUEL GUTIERREZ,              Case No. 2:10-cv-00109-JCM-NJK

10                        Petitioner,              ORDER

11        v.

12   BRIAN E. WILLIAMS, et al.,

13                        Respondents.

14        This counseled, first-amended petition on for writ of habeas corpus pursuant to 28

15   U.S.C. § 2254 by petitioner Jose Miguel Gutierrez is before the court for final disposition

16   on the merits (ECF No. 44).  Respondents have answered the petition (ECF No. 57),

17   and Gutierrez replied (ECF No. 60).

18        **I.      Procedural History and Background**

19        On October 4, 2006, the State filed a second-amended information charging

20   Gutierrez with four counts of trafficking in a controlled substance and three counts of

21   unlawful possession for sale.  Exh. 22.  On November 17, 2006, Gutierrez entered a

22   guilty plea to count I:  trafficking in a schedule 1 controlled substance, a category A

23   felony; and count II:  trafficking in a schedule 1 controlled substance, a category B

24   felony (exhibits to respondents' motion to dismiss, ECF No. 12, exh. 23).[1]  Gutierrez did

25   not sign the guilty plea agreement until February 13, 2007, and it was filed that day.

26   Exh. 25.  The state district court sentenced him on count I to 10 to 25 years and on

27

28   _____
     [1] The exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 12, and they
     are found at ECF Nos. 13, 14, and 34.

                                        1

count II to 72 to 180 months, count I to run consecutive to count II.  Exh. 26.  Judgment of conviction was filed on February 20, 2007.  Exh. 27.  Gutierrez did not file a direct appeal.

On January 11, 2008, Gutierrez filed a postconviction petition for a writ of habeas corpus in state district court, and the court appointed counsel.  Exhs. 33, 34.  At a March 11, 2008 hearing, the state district court dismissed the first two grounds of the petition.  Exh. 41, pp. 6-7.  Following an evidentiary hearing, the state district court dismissed the remaining grounds.  Exhs. 43, 46.  Gutierrez appealed, and on October 29, 2009, the Nevada Supreme Court issued an order of limited remand and directed the district court to make specific findings of fact and conclusions of law.  Exh. 60.  The state district court filed the findings of fact and conclusions of law on November 2, 2009.  Exh. 61.  On December 23, 2009, the Nevada Supreme Court affirmed the dismissal of the petition, and remittitur issued on January 19, 2010.  Exhs. 62, 63.

Gutierrez did not indicate on the face of his federal petition for writ of habeas corpus on what date he delivered the petition for mailing (ECF No. 4), but this court filed it on February 25, 2010.  *Id.*  Ultimately, this court appointed counsel on July 5, 2013, (ECF No. 43), and a counseled amended petition was filed on October 30, 2013 (ECF No. 44).  Respondents have answered the remaining grounds (ECF No. 57).

II.   **LEGAL STANDARDS**

   a.   **Antiterrorism and Effective Death Penalty Act (AEDPA)**

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the legal standards for this court's consideration of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
>    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-694 (2002). This Court's ability to grant a writ is limited to cases where "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer*, 538 U.S. at 73 (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell*, 535 U.S. at 694.

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 74 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state

court's application of clearly established law must be objectively unreasonable. *Id.*
(quoting *Williams*, 529 U.S. at 409).

To the extent that the state court's factual findings are challenged, the
"unreasonable determination of fact" clause of § 2254(d)(2) controls on federal habeas
review. *E.g., Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir.2004). This clause
requires that the federal courts "must be particularly deferential" to state court factual
determinations. *Id.* The governing standard is not satisfied by a showing merely that the
state court finding was "clearly erroneous." 393 F.3d at 973. Rather, AEDPA requires
substantially more deference:

> .... [I]n concluding that a state-court finding is unsupported by
> substantial evidence in the state-court record, it is not enough that we
> would reverse in similar circumstances if this were an appeal from a
> district court decision. Rather, we must be convinced that an appellate
> panel, applying the normal standards of appellate review, could not
> reasonably conclude that the finding is supported by the record.

*Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004); *see also Lambert*, 393
F.3d at 972.

Under 28 U.S.C. § 2254(e)(1), state court factual findings are presumed to be
correct unless rebutted by clear and convincing evidence. The petitioner bears the
burden of proving by a preponderance of the evidence that he is entitled to habeas
relief. *Cullen*, 563 U.S. at 181.

**b.    Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are governed by the two-part test
announced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the
Supreme Court held that a petitioner claiming ineffective assistance of counsel has the
burden of demonstrating that (1) the attorney made errors so serious that he or she was
not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the
deficient performance prejudiced the defense. *Williams*, 529 U.S. at 390-91 (citing
*Strickland*, 466 U.S. at 687). To establish ineffectiveness, the defendant must show that

4

counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an objective standard of reasonableness, . . . under prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (internal quotations and citations omitted). When the ineffective assistance of counsel claim is based on a challenge to a guilty plea, the *Strickland* prejudice prong requires a petitioner to demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of, the *Strickland* standard. *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen*, 563 U.S. at 190 (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1413 (2009)). The Supreme Court emphasized that: "We take a 'highly deferential' look

5

at counsel's performance . . . through the 'deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen*, 563 U.S. at 181-84. The United States Supreme Court has specifically reaffirmed the extensive deference owed to a state court's decision regarding claims of ineffective assistance of counsel:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.* at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S. at ——, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at ——, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington*, 562 U.S. at 105. "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* at 104 (quoting *Strickland*, 466 U.S. at 689). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id.* (internal quotations and citations omitted).

Gutierrez pleaded guilty upon the advice of counsel, thus he "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective] . . .  and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*,  474 U.S. at 56-57, 59; *Lambert*, 393 F.3d at 980-981.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.    Remaining Grounds in the Petition

### Ground 1

Gutierrez claims that he did not enter his guilty plea knowingly, intelligently, and voluntarily in violation of his Fifth and Fourteenth due process rights (ECF No. 44, pp. 9-11).  Specifically, he claims that (A) the plea was invalid because no written plea agreement had been submitted prior to Gutierrez's guilty plea; (B) he believed when he entered his plea that count II was a probationable offense; and (C) when he entered his guilty plea he did not understand that the sentences could be run consecutively.  *Id.*

A guilty plea must be made knowingly, voluntarily and intelligently; such inquiry focuses on whether the defendant was aware of the direct consequences of his plea. *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969); *see also Brady v. U.S.*, 397 U.S. 742, 748 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.").

At the November 17, 2006, arraignment, Gutierrez, through an interpreter, pleaded guilty to counts I and II.  Exh. 23, pp. 4-8.  His counsel then had an exchange with the court, in which counsel mis-stated that probation was a possibility for count II.  Exh. 23, p. 9.  After a clarification, counsel accurately stated that the prison sentence range for count II was two to fifteen years.  *Id.*  The state district court asked Gutierrez: "And nobody has promised you probation [on either count], have they?" and Gutierrez responded "No."  *Id.* at 9-10.

The written guilty plea agreement, which was filed on February 13, 2007, also set forth the two-to-fifteen-year sentence range for count II.  Exh. 25.  Both counts were for trafficking in a schedule I controlled substance, and the written plea agreement stated in bold, all-capital letters that such a charge is not probationable.  Gutierrez signed his initials immediately after this advisement.  *Id.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In its order dismissing the petition, the state district court explained that while the plea agreement should have been filed before the arraignment, "the penalties outlined appear consistent" and found that Gutierrez suffered no prejudice.  Exh. 61.  In affirming the dismissal of this claim, the Nevada Supreme Court also concluded that the penalties discussed at Gutierrez's arraignment were consistent with the penalties in the written plea agreement, that Gutierrez was not prejudiced by the failure to file the written plea agreement prior to his arraignment, and that he entered his plea knowingly and voluntarily.  Exh. 62, p. 3.

At the outset, the court notes that Gutierrez points to no authority for the proposition that the lack of a written guilty plea agreement at the time that he entered his plea in and of itself implicates his federal constitutional rights.  Moreover, during the plea canvass, the court and defense counsel stated the nature of the allegations, possible penalties, and additional terms of the plea agreement. Exh. 23.  The transcript of the arraignment reflects that Gutierrez's counsel mis-stated that probation was a possibility for count II.  However, prior to the guilty plea agreement, Gutierrez faced four potential life sentences on four of the seven counts alone.  *See* exh. 8.  Gutierrez's bare assertion that prior to his entry of his guilty plea he believed that count II was probationable simply strains credulity.  Nothing in the record reflects that, during the time period between his guilty plea and the filing of the guilty plea agreement, Gutierrez ever claimed that he had thought he was eligible for probation for count II.  He initialed the section in the written agreement that stated that neither count was probationable. Although he had attended school in Las Vegas through grade eleven, he had the assistance of an interpreter during plea negotiations and hearings.  *See*, *e.g.*, exhs. 23, 26.

Similarly, nothing in the record supports Gutierrez's bare contention that he believed that the sentences would run concurrently.  Neither the state district court nor counsel mentioned whether the sentences might run consecutively or concurrently when

Gutierrez entered his plea.  But the presentence investigation report recommended consecutive sentences, and an interpreter went through the presentence investigation report (PSI) with Gutierrez.  *See, e.g.,* exh. 43, pp. 19-21.  At the sentencing hearing Gutierrez's counsel argued that the court should deviate from the PSI and run the sentences concurrently, and Gutierrez stated that he understood that it was in the hands of the judge.  Exh. 24.  Thus, the record belies the assertion that Gutierrez thought the sentences would be concurrent.

This court is mindful that AEDPA requires this court's substantial deference to the state supreme court with respect to factual determinations.  *Taylor*, 366 F.3d at 1000; *Lambert*, 393 F.3d at 972.  Gutierrez has failed to meet his burden in demonstrating that the Nevada Supreme Court's decision that he entered his plea knowingly, intelligently and voluntarily is contrary to, or involves an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).  Federal habeas relief is denied as to ground 1.

**Ground 2**

Gutierrez claims that his plea counsel rendered ineffective assistance in violation of his Sixth and Fourteenth Amendment rights (ECF No. 44, pp. 11-13).

In ground 2(A), Gutierrez contends that his counsel failed to submit a written plea agreement to the court, wrongly advised Gutierrez that the sentences would run concurrently, and wrongly advised Gutierrez that count II was probationable (ECF No. 44, p. 12).  As discussed in relation to ground 1, above, the state-court record belies Gutierrez's claims that his counsel told him he would receive concurrent sentences and that he pleaded guilty based on his counsel's misstatement that he could receive probation on count II.  And again, Gutierrez faced four counts that carried sentences of life with the possibility of parole after ten years as well as three other possession counts.  The written plea agreement clearly stated that probation was not a possibility

on either count.  Gutierrez has not established a reasonable probability that he would have insisted on going to trial but for his belief that count II was probationable and the state district court would run the sentences concurrently.

In ground 2(B), Gutierrez asserts that his counsel failed to investigate the confidential informant who was critical to the State's case against him (ECF No. 44, p. 12).  Gutierrez identifies no specific information whatsoever about what such investigation might have revealed.  The confidential informant was part of a targeted investigation that involved a series of controlled drug buys that were audio-recorded and under surveillance by law enforcement.  Exh. 78, pp. 28-104.  Gutierrez fails to even allege how the credibility of the confidential informant would be relevant to his case.

In the portion of ground 2(C) that remains before the court, Gutierrez claims that his counsel failed to file a timely notice of appeal despite the fact that Gutierrez specifically instructed him to do so (ECF No. 44, pp. 12-13).  Counsel has a duty to file a notice of appeal when a defendant so requests.  *See, e.g., Roe v. Flores-Ortega*, 528 U.S. 470 (2000).

At the evidentiary hearing on Gutierrez's state postconviction petition, Gutierrez testified that on the day he was sentenced he asked his counsel to file a direct appeal.  Exh. 43, p. 14.  Gutierrez's former counsel testified that Gutierrez never asked him to file an appeal, that he did not believe there was any good-faith basis to pursue an appeal, and that the next communication he had with Gutierrez after the February 20, 2007 sentencing was in June 2007, when he received a letter from Gutierrez relieving him of his representation and requesting a copy of the file.  *Id.* at 17-18.  Former counsel described that he met several times with Gutierrez's mother after the sentencing to help her get her car—which had been seized during her son's arrest— released from impound.  *Id.* at 18-19.  Counsel testified that no family member ever discussed an appeal and that the only matter they discussed was the return of the car. *Id.* at 19.

The state district court dismissed the claim:  "The court specifically finds that after considering the testimony of previous counsel and the defendant, that the defendant failed to request any appeal on his behalf . . . ."  Exh. 61, p. 1.

The Nevada Supreme Court affirmed the denial of this claim, stating

> The district court implicitly found defense counsel's testimony to be more credible and determined that Gutierrez did not request an appeal. We conclude that Gutierrez has failed to show that the district court reached the wrong conclusion.

Exh. 62, p. 3.

The sole support for ground 2(C) in the state-court record is Gutierrez's testimony at the state postconviction petition hearing wherein he states that he asked his former counsel to file a direct appeal at his sentencing.  The state district court credited the testimony of Gutierrez's former counsel to the contrary.  Nothing in the record suggests that the Nevada Supreme Court's affirmance of the dismissal of this claim was unreasonable.

Gutierrez has failed to demonstrate that the Nevada Supreme Court's decision on any part of federal ground 2 is contrary to, or involves an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).  Accordingly, ground 2 is denied.

The petition, therefore, is denied in its entirety.

## IV.     Certificate of Appealability

This is a final order adverse to the petitioner.  As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA).  Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA.  *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right."  With respect to

claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct.  *Id.*

Having reviewed its determinations and rulings in adjudicating Gutierrez's petition, the court finds that reasonable jurists might find its disposition of grounds 1 and 2(A) debatable pursuant to S*lack*.  The court therefore issues a certificate of appealability as to Gutierrez's claim that he did not enter his guilty plea knowingly, intelligently, and voluntarily (ground 1) and as to his claims that his plea counsel rendered ineffective assistance by failing to submit a written plea agreement to the court and wrongly advising Gutierrez that the sentences would run concurrently and that probation was a possibility for count II (ground 2(A)).

## V.    Conclusion

**IT IS THEREFORE ORDERED** that the petition (ECF No. 44) is **DENIED** in its entirety.

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED** as specified in this order.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.


DATED: 29 March 2016.


JAMES C. MAHAN
UNITED STATES DISTRICT COURT