UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOSE MIGUEL GUTIERREZ,

Plaintiff,

v.

BRIAN E. WILLIAMS, et al.,

Defendants.

Case No. 2:10-cv-00109-JCM-NJK

ORDER

On March 29, 2016, this court adjudicated Jose Miguel Gutierrez's counseled § 2254 amended habeas petition on the merits and denied it in its entirety (ECF No. 66), and judgment was entered (ECF No. 67).  Before the court is Gutierrez's motion for reconsideration (ECF No. 71).  Respondents opposed, and Gutierrez replied (ECF Nos. 73, 75).

**I.    Legal Standard**

In its disposition of the petition on the merits, this court denied the remaining two grounds (ECF No. 66).  Gutierrez now seeks reconsideration of the denial of ground 1 pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Reconsideration of orders is reserved for rare circumstances where the court changes its position (1) based on the discovery of new evidence, (2) due to a subsequent change in the law, or (3) to correct a clear legal error or a decision that is manifestly unjust.  *McDowell v. Calderon*, 197 F.3d 1253, 1255-56 (9th Cir. 1999); *School Dist. No. 1J, Multnomah County, Or. v. ACandS*, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  In order to succeed on a motion to reconsider, a party must set forth facts or

law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds 828 F.2d 514 (9th Cir. 1987). Rule 59(e) applies to habeas proceedings, but only in conformity with Antiterrorism and Effective Death Penalty Act (AEDPA), including the limits on successive federal petitions set forth at 28 U.S.C. § 2244(b). The Ninth Circuit has held that a timely Rule 59(e) motion for the district court to "correct manifest errors of law or fact upon which the judgment rests" does not run afoul of the AEDPA's restrictions on second or successive habeas petitions. *Rishor v. Ferguson*, 822 F.3d 482, 492 (9th Cir. 2016).

## II.     Ground 1

Gutierrez seeks reconsideration of his claim that he did not enter his guilty plea knowingly, intelligently, and voluntarily in violation of his Fifth and Fourteenth Amendment due process rights (ECF Nos. 71; 44, pp. 9-11). Specifically, ground 1 alleged that (A) the plea was invalid because no written plea agreement had been submitted prior to Gutierrez's guilty plea; (B) he believed when he entered his plea that count II was a probationable offense; and (C) when he entered his guilty plea he did not understand that the sentences could be run consecutively (ECF No. 44, pp. 9-11).

In the motion for reconsideration, Gutierrez argues that this court "committed clear error" when it concluded that his plea was knowing, voluntary and intelligent because the record reflects that Gutierrez thought he could be sentenced to probation on count II at the time he entered his guilty plea (ECF No. 71). Gutierrez contends that the merits determination contradicts this court's earlier "finding" that the penalties in the written guilty plea agreement were inconsistent with the discussion of the penalties during the plea colloquy. *Id.* at 5.

In denying ground 1 on the merits, this court reasoned, in part:

> At the November 17, 2006 arraignment, Gutierrez, through an interpreter, pleaded guilty to counts I and II. Exh. 23, pp. 4-8. His counsel then had an exchange with the court, in which counsel mis-stated that probation was a possibility for count II. Exh. 23, p. 9. After a clarification,

> counsel accurately stated that the prison sentence range for count II was two to fifteen years. *Id.* The state district court asked Gutierrez: "And nobody has promised you probation [on either count], have they?" and Gutierrez responded "No." *Id.* at 9-10.
>
> The written guilty plea agreement, which was filed on February 13, 2007, also set forth the two-to-fifteen-year sentence range for count II. Exh. 25. Both counts were for trafficking in a schedule I controlled substance, and the written plea agreement stated in bold, all-capital letters that such a charge is not probationable. Gutierrez signed his initials immediately after this advisement. *Id.*
>
> . . . . Moreover, during the plea canvass, the court and defense counsel stated the nature of the allegations, possible penalties, and additional terms of the plea agreement. Exh. 23. The transcript of the arraignment reflects that Gutierrez's counsel mis-stated that probation was a possibility for count II. However, prior to the guilty plea agreement, Gutierrez faced four potential life sentences on four of the seven counts alone. *See* exh. 8. Gutierrez's bare assertion that prior to his entry of his guilty plea he believed that count II was probationable simply strains credulity. Nothing in the record reflects that, during the time period between his guilty plea and the filing of the guilty plea agreement, Gutierrez ever claimed that he had thought he was eligible for probation for count II. He initialed the section in the written agreement that stated that neither count was probationable. Although he had attended school in Las Vegas through grade eleven, he had the assistance of an interpreter during plea negotiations and hearings. *See*, *e.g.*, exhs. 23, 26.

ECF No. 66, pp. 7-9. This court thus determined that Gutierrez had failed to demonstrate that the Nevada Supreme Court's decision that Gutierrez entered his plea knowingly, intelligently, and voluntarily was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

In the motion for reconsideration, Gutierrez points out that, in its order appointing counsel this court observed that the Nevada Supreme Court's conclusion that the penalties in the written guilty plea memorandum were consistent with the penalties discussed during arraignment arguably was based on an unreasonable determination of fact (ECF No. 40). However, as this court clearly expressed in that order, that initial

3

observation was not a finding of fact or adjudication on the merits: "The court's discussion herein does not reflect a definitive resolution of any issue, other than a finding that appointment of counsel would be in the interests of justice." *Id.*

Gutierrez does not present anything new in his motion for reconsideration. He argues that this court committed clear error in determining that the guilty plea was voluntary, knowing and intelligent (ECF No. 71). Gutierrez disagrees with this court's analysis that, viewing the state-court record in its entirety, he failed to demonstrate that the Nevada Supreme Court's determination was based on an unreasonable determination of the facts. In adjudicating the merits of the petition, this court carefully reviewed the state-court record, and petitioner offers no basis here for the court to reconsider its order denying the petition in its entirety.

### III. Conclusion

**IT IS THEREFORE ORDERED** that petitioner's motion for district judge to reconsider order (ECF No. 71) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' motion for extension of time (ECF No. 72) is **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that petitioner's motion for extension of time (ECF No. 74) is **GRANTED** *nunc pro tunc*.

DATED: 3 February 2017.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

4